UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

| | |
|---|---|
| ELAZIA FRANCO BARTOLO, | No. 2:09-cv-03188-MCE-JFM |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| JANET NAPOLITANO, Secretary, United States Department of Security, et al., | |
| Respondents. | |

---oo0oo----

Through the present action, Plaintiff Elazia Franco Bartolo ("Plaintiff") challenges the denial of her application to adjust status to that of a lawful permanent resident of the United States. The United States now moves to dismiss Plaintiff's lawsuit on grounds that this Court lacks subject matter over the action pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] The government alternatively requests that the action be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

As set forth below, we conclude that no jurisdiction vests to this Court at the present time because Plaintiff has failed to exhaust administrative remedies now available to her in the course of pending removal proceedings.

**BACKGROUND**

The underlying facts presented by this case are undisputed. Plaintiff legally entered the United States in 2009 as the minor child of an alien who was the fiancé of an American citizen. Plaintiff turned twenty-one less than two months after that entry, however, and while she applied for adjustment of immigration status (to a lawful permanent resident) some ten days before her birthday, the government ultimately denied her request on grounds that she turned twenty-one before her application had been adjudicated.

Plaintiff filed the present action on November 16, 2009 to challenge the government's denial of her adjustment application. Less than a month later, on December 10, 2009, removal proceedings were commenced against Plaintiff.

**STANDARD**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").

Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  Generally, leave to amend should be denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment.  Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

**ANALYSIS**

Once removal proceedings were instituted against her, it is uncontroverted that Plaintiff became able to renew her previously denied application to adjust status.  See 8 C.F.R. § 245.2(a)(5)(ii), (d).  It is equally uncontroverted that given those removal proceedings, judicial review is available only as to a final order of removal and only if an alien like Plaintiff has exhausted "all administrative remedies available to [her] as of right."  8 U.S.C. § 1252(d)(1).

3

As the Supreme Court explained in Reiter v. Cooper, 507 U.S. 258 (1993), "[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts, and until that recourse is exhausted, suit is premature and must be dismissed." Id. at 269.

Plaintiff nonetheless argues that this suit should be allowed to proceed because it was filed some three weeks before removal proceedings were initiated, at a time when there was no further administrative recourse to the United States Citizenship and Immigration Service's initial denial of her application to adjust status. Although there admittedly is no Ninth Circuit authority directly on point with respect to this particular contention, out-of-circuit decisions have found that whether or not removal proceedings were instituted after an initial status application was denied is not dispositive with respect to whether exhaustion is nonetheless required. See Walid El-Baz Abdelwahab v. Frazier, 578 F.3d 817, 822 (8th Cir. 2009) (finding that jurisdiction would not lie where "there were further administrative remedies to be exhausted, even if those remedies had appeared to be exhausted when the lawsuit was first commenced"); Aguilar v. USCIS, 510 F.3d 1, 10 (1st Cir. 2007) (exempting the exhaustion requirement from later-acquired administrative remedies "would put an undue premium on which party rushed to the courthouse first").

///
///
///

This Court is persuaded by the reasons of <u>Abdelwahab</u> and <u>Aguilar</u> and consequently finds that Plaintiff's present ability to renew her adjustment of status application in removal proceedings deprives this Court of jurisdiction.  The United States Motion to Dismiss for Lack of Jurisdiction (Docket No. 11) is GRANTED.[2]  Because this jurisdictional defect cannot be remedied at the present time through any amendment of Plaintiff's current pleadings, no leave to amend will be afforded.  The Clerk of Court is directed to close this file.

IT IS SO ORDERED.

Dated: June 30, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not deemed to be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Local Rule 230(g).